UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LYNDON PROPERTY INSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 12-343-DCR |
| V. | ) ) | |
| PERRY GENE PRICE, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Lyndon Property Insurance Co.'s ("Lyndon") motion for summary judgment. [Record No. 28] The plaintiff is seeking summary judgment for its claim of attorneys' fees, expenses, and interest. [Record No. 28-1] The defendants have failed to file a response to the plaintiff's motion. For the reasons set forth below, the motion will be granted.

**I.**

In June 1999, Defendants Perry Gene Price, Brenda Price, George Construction, LLC, and Pecatoda, Inc., executed a "General Agreement of Indemnity" ("Agreement") in applying to Cumberland Surety Insurance Company for a bond for George Construction. [Record No. 28-4, pp. 2-3] Cumberland procured the bond from Lyndon as allowed by the Agreement. [Record No. 28-1, p. 2] The Agreement provides that if the Cumberland procures a bond from another surety, all the terms and conditions of the Agreement will apply to the benefit of the other surety

-1-

(here, Lyndon). [Record No. 28-4, p. 4 ¶ 17] In July 1999, Lyndon issued a bond, naming George Construction as bond principal, to secure the performance and completion of a construction project. [Record No. 21, p. 3] Five Star Lodging, Inc., the obligee of the bond, sued George Construction and Lyndon, as surety, in state court for the failure of George Construction to complete its work. [*Id*.] A judgment in that case was issued, sustaining Lyndon's motion for summary judgment and dismissing Lyndon. [*Id*.] Five Star appealed but the decision was affirmed. [*Id*.] Lyndon now seeks to recover the attorneys' fees, expenses, and interest it incurred in the state litigation under the Agreement, together with its attorneys' fees, expenses, and interest incurred in this action. [*See* Record No. 21]

The Agreement contains the following language concerning recovery of attorneys' fees, costs, and expenses:

> The Undersigned shall exonerate, hold harmless, and indemnify and keep the Surety exonerated and indemnified from and against: (a) any and all claims, demands, or liability whether incurred or threatened for losses, expenses and disbursements of whatsoever kind or nature, and against every claim, demand, cost, charge, counsel fee, court cost, investigative charge or expense, all of which shall be due and payable immediately upon receipt by the Undersigned of a written demand of Surety; and, (b) any and all other such losses and expenses, for which the Surety may become potentially liable, or may sustain or incur: (i) by reason of having executed or procured the execution of any Bond or Bonds; or, (ii) by reason of the failure of the Undersigned to perform or comply with the covenants and conditions of this Agreement; or, (iii) in enforcing any of the covenants or conditions of this Agreement; or, (iv) in making any investigation, obtaining or attempting to obtain a release, recovering or attempting to recover loss or an unpaid obligation of the Undersigned to the Surety as a result of issuing or procuring the Issuance of any Bond; or, (v) in prosecution or defending any claim or action in conjunction with any Bond, whether the Surety at its sole option elects to employ its own counsel or permits or requires the Principal and/or the Indemnitor to arrange for the Surety's legal representation.

[Record No. 28-4, p. 1 ¶ 3.1] To date, Lyndon has incurred $198,192.56 in attorneys' fees, interest, and expenses over the course of the state court litigation and in this action. [Record No. 28-2, p. 2]

**II.**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once the moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). Instead, the nonmoving party must present "significant probative evidence" of a genuine dispute . . . to defeat the motion for summary judgment. *Chao*, 285 F.3d at 424. The nonmoving party cannot simply rely upon the assertions in its pleadings; rather, it must come forward with probative evidence, such as sworn affidavits,

to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

**III.**

Lyndon asserts that it is entitled to indemnification under the Agreement. [Record No. 28-1, p. 6] "The right to recover under an indemnification agreement is well recognized in Kentucky." *United States v. Hardy*, 916 F. Supp. 1373, 1383 (W.D. Ky.1995). An indemnitor's liability under the contract is determined by the provisions set forth in the indemnity agreement. *United States Fid. & Guar. Co. v. Napier Elec. & Constr. Co., Inc.*, 571 S.W.2d 644, 646 (Ky. Ct. App. 1978). When contract language is clear and unambiguous it is enforced as clearly written. *Frear v. P.T.A. Indus.*, 103 S.W.3d 99, 105 (Ky. 2003). If ambiguous, the Court will interpret the contract based on the intent of the parties as construed from the contract. *Id*. Thus, the terms of the Agreement will be enforced to its plain language as written. Here, the plain language of the Agreement states that the defendants agree to indemnify Lyndon from all costs, fees and expenses for any claim asserted against it. [Record No. 28-4, p. 1 ¶ 3.1]

Indemnity agreements with similar provisions concerning a surety's rights to indemnification and attorneys' fees and expenses have been enforced as a matter of law. *Nat'l Sur. Corp. v. Prairieland Const. Inc.*, 354 F. Supp. 2d 1032, 1036 (E.D. Mo. 2004); *see also Fallon Elec. Co., Inc. v. Cincinnati Ins. Co.,* 121 F.3d 125 (3d Cir. 1997). Courts have held that a surety's attorneys' fees and other expenses are recoverable under an indemnity clause if the surety acted reasonably and in good faith. *Nat'l Sur. Corp. v. Peoples Mill. Co.*, 57 F. Supp.

281, 282-83 (W.D. Ky. 1944); *see also Safeco Ins. Co. of Am. v. Criterion Inv. Corp.*, 732 F. Supp. 834, 842 (E.D. Tenn. 1989). Thus, an indemnitor may attack a surety by pleading a lack of good faith or reasonableness. *Napier*, 571 S.W.2d at 646; *see also Fallon Elec. Co., Inc. v. Cincinnati Ins. Co.*, 121 F.3d 125, 129 (3d Cir. 1997). However, the Agreement provides that the defendants will indemnify Lyndon for payments made in reasonable belief of its liability. [Record No. 28-4, p. 2 ¶ 3.2] Therefore, the defendants must provide some evidence that Lyndon did not make those payments in reasonable belief of that liability for attorneys' fees. *Fallon*, 121 F.3d at 129. Here, the surety was sued for a large sum and Lyndon acted reasonably in obtaining legal representation. And no genuine issue of material fact has been presented regarding whether the fees and expenses were reasonably incurred.

If a surety pays a debt or liability, it may recover from the bond principal the entire liability with interest from the time of payment. K.R.S. § 412.080. Further, courts may award prejudgment interest up to 8%, pursuant to K.R.S. 360.010. *Fields v. Fields*, 58 S.W.3d 464, 467 (Ky. 2001). Here, Lyndon has presented evidence of the amounts paid in fees and expenses along with the resulting interest totaling $198,192.56. [Record Nos. 28, 17, 28-18, 28-19] Thus, the Court will award Lyndon the interest on these expenses.

Lyndon also argues that it should be able to recover attorneys' fees and costs concerning this action. [Record No. 28-1, p. 9] With the exception of specific contractual provisions allowing for the recovery of attorneys' fees, each party normally bears their own costs. *Aetna Cas. & Sur. Co. v. Com.*, 179 S.W.3d 830, 842 (Ky. 2005). The Agreement provides that the indemnitors will exonerate and indemnify against all costs, losses, and expenses including

attorneys' fees for any claims, demands, or liability. [Record No. 28-4, p. 1 ¶ 3.1] This includes the fees and expenses Lyndon incurred in enforcing the covenants and conditions of the Agreement. [*Id.*] Therefore, under the provisions of the Agreement, Lyndon may recover the attorneys' fees and expenses it incurred under the state litigation and in enforcing its contractual rights in this action.

**IV.**

For the reasons stated above, it is hereby

**ORDERED** as follows:

1. Plaintiff Lyndon Property Insurance Co.'s motion for summary judgment [Record No. 28] is **GRANTED**.

2. The pending motion *in limine* and motion for extension of time [Record Nos. 29, 32] are **DENIED**, as moot.

3. All claims having been resolved, this action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A final and appealable Judgment shall be entered this date.

This 3rd day of April, 2014.

